**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LINDA TODD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTH AMERICAN CREDIT | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, Linda Todd ("Plaintiff"), brings this action against Defendant North American Credit Services, Inc. ("Defendant").

2. Plaintiff alleges that Defendant debt collection agency improperly called Plaintiff using a predictive dialer to call Plaintiff's cellular telephone without express prior consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff also brings a claim under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA") as Defendant's voice message failed to inform Plaintiff that it was a communication from a debt collector.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce); 15 U.S.C. §1692k ("FDCPA"); and 47 U.S.C. § 227 ("TCPA") *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

4. Venue and personal jurisdiction over Defendant in this District is proper because:

a. Plaintiff resides in the District;

b. Defendant transacts business in the District via the telephone lines; and

c. Defendant's collection activities complained of occurred within the District; and

d. Defendant is collection agency licensed by the Illinois Division of Professional Regulation.

**PARTIES**

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. North American Credit Services, Inc., is a Tennessee Company. Service of process in Illinois can be made on Defendant at National Registered Agents, Inc., 200 West Adams Street, Chicago, Illinois 60606.

7. Defendant is engaged in the practice of attempting to collect debts that are in default through telephone phone calls.

8. Defendant is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**FACTS**

9. Plaintiff has a cellular telephone assigned the telephone number XXX-XXX-2394. The first seven digits of Plaintiff's cellular telephone number are redacted herein due to privacy considerations.

10. Defendant uses one or more telephone systems that are capable of dialing telephone numbers without human intervention (i.e. the system, rather than

a human being, dials the digits to make telephone calls.) For purposes of this complaint, such a telephone system will be referred to as a "Predictive Dialer."

11. On information and belief, Defendant uses Smart Voice Auto Dialers by IAT Smartdial Solutions.

12. Upon information and belief, Defendant's call to XXX-XXX-2394 was made using a Predictive Dialer as defined by the Federal Communication Commission.

13. Within the past year, Defendant called XXX-XXX-2394 and left the following message:

> Yes, um, Brittney Todd, Please give me a call back at 1-800-467-5654 ext 319. My name is Chris Ward [Phon] um with North American Credit Service. This is not a sales call. I need to talk to you about a personal business matter. So Please use the reference number 6669727.

14. Brittney Todd is Plaintiff's daughter.

15. As part of a patient intake form, Brittney Todd placed her mother's telephone number XXX-XXX-2394 as an emergency contact.

16. Plaintiff did not provide consent to her daughter's original creditor or to Defendant to call her cell phone telephone number XXX-XXX-2394.

17. ACA International has stated that, "[I]t is clear [the FDCPA and TCPA] apply to consumers and non-consumers. Therefore, collectors should take steps to scan their collection lists and ensure debt collectors are contacting the correct consumer."

18. ACA International has also concluded that, "[E]rroneously dialed numbers likely are not exempted from the [TCPA and FCC regulations] pertaining to autodialers and prerecorded messages. Thus, a debt collector may face liability

3

under the TCPA and corresponding FCC regulations for autodialed and prerecorded message calls placed to the wrong individual.").

19. Defendant could have determined that the telephone number ending in 3757 that it dialed was a cellular telephone number. *See e.g.*, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International for Clarification and Declaratory Ruling*, GC Docket No. 02-278, p. 9 n. 54 (Jan 4, 2008) ("*See 2003 TCPA Order*, 18 FCC Rcd at 14117, para. 170. *See also* DMA Wireless Number Suppression List at http://preference.the-dma.org/products/ wireless.shtml. Neustar also has available a service that provides data on numbers ported from wireline to wireless service on a daily basis. *See* http://www.tcpacompliance.com/.").

### COUNT I - TCPA VIOLATION

20. Plaintiff incorporates paragraphs 1-19 above.

21. The Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in pertinent part:

> (b) Restrictions on use of automated telephone equipment.
>    (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>       (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>       * * *
>       (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

22. Defendant's phone call to Plaintiff's cellular telephone using automatic

telephone dialing systems and/or an artificial or prerecorded voice, as proscribed by the TCPA was negligent. Alternatively, the violation was willful.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment for Plaintiff and against Defendant on Plaintiff's TCPA claim for:

> (1) Statutory damages of $500 per violation if Defendant is found to negligently violated the TCPA or $1,500 per violation if Defendant is found to have willfully violated the TCPA; and
>
> (2) Costs of litigation.

### COUNT II
### INDIVIDUAL CLAIM
### FDCPA § 1692e(11) VIOLATION

23. Plaintiff incorporates paragraphs 1-19 above.

24. 15 U.S.C. §1692e(11) provides:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

25. Defendant's voice message above was a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e(11). *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009); *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112,

5

1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

26. Defendant's voice message above did not disclose that the communication was from a debt collector.

27. Defendant's message above violated 15 U.S.C. § 1692e(11).

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff against Defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)